ARKANSAS FUEL OIL CO. *v.* CITY OF OXFORD.

(Division A. April 8, 1940. Suggestion of Error Overruled May 20, 1940.)

[195 So. 316. No. 34102.]

Green & Green, of Jackson, for appellant.

**L. C. Andrews,** of Oxford, for appellee.

458

Argued orally by **Marcellus C. Green**, for appellant, and by **L. C. Andrews**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

In a proceeding by the City of Oxford to adopt a zoning ordinance, under Sections 2474-2481, Code 1930, as amended by Chapter 333, Laws 1938, a ''Use District Map'' was made a part of the comprehensive plan which was embodied in the ordinance which was proposed to be adopted, and which after publication and opportunity to those interested to be heard, was adopted. The ordinance, inter alia, recited: ''The City of Oxford is hereby divided into three districts, aforesaid, and the boundaries of such districts are shown upon the map now on file in the office of the City Clerk of the City of Oxford, Mississippi, being designated as the 'Use District Map', and said map and all notations, references and other things shown thereon shall be as much a part of this ordinance as if the matter set forth by said map were all fully described herein.''

Under Section 2477, Code 1930, fifteen days' notice of the time and place of the hearing on the issue of the final adoption of such an ordinance must be given by publication in a newspaper having a general circulation in the municipality. The proposed ordinance was so

published; but the Use District Map was not reproduced in the publication, and appellant contends that without the publication of the map as such, or of some reduced facsimile thereof, the published notice was insufficient and ineffective.

The statutes are silent on the precise point, and both sides to this appeal have presented authorities from other states supporting or tending to support their respective contentions in regard to it. We think we may find a sufficient authority for holding that a reproduction of the map as a part of the publication was not required by referring to the analogy found in Marion County v. Foxworth, 83 Miss. 677, 690, 36 So. 36, 38, wherein it was held that the plans and specifications which are made a part of the contract for public work need not be entered upon the minutes of a board of supervisors, "for the reason that architect's plans and specifications, from their very nature, cannot conveniently be entered on the minutes"—a reason which would apply even more strongly in the matter of the reproduction of a municipal zoning map in the publication of the notice of the proposed adoption of a zoning ordinance.

When the day and hour of the hearing on the final issue of adoption arrived, the mayor and aldermen discovered that sometime in the interval between that date and the time of the original adoption of the map as a part of the comprehensive plan, a change or alteration had been made on the map by some unknown and unauthorized person so that a certain lot owned by appellant had been made to show a designation thereon as a filling station, whereas no such designation appeared on the map as originally adopted and proposed. The mayor and board thereupon entered an order adjudicating and reciting the facts as aforesaid, and ordering that the said alteration be deleted and the map restored to its original condition.

Appellant did not contest the finding of facts aforesaid, although appellant by its attorney of record was

present when the order was made, but contends that the order of correction and deletion amounted to an amendment requiring a new publication which was not made.

Municipal councils, as well as courts, are authorized and required to see that their minutes and recorded proceedings shall show and continue to speak their original truth, and to strike therefrom unauthorized alterations whenever upon an examination by the board acting as a board the alteration has been definitely found as a fact. And the deletion of such an unauthorized alteration is not an amendment, but is simply a restoration of the record to its original and legitimate form and condition. An amendment is a change or alteration in the original form or contents of a record or paper so that the record or paper shall thereafter continue to speak or operate in its amended, rather than its original form; whereas what was done here was to strike out the unauthorized alteration and return the map to its original and legitimate form, so that it would continue to operate and to speak in that form.

Affirmed.